# Jones *v.* Nolen.

*Statutory Claim Suit.*

1. *Garnishment; interposition of claim.*—In response to a writ of garnishment issued upon a judgment, the garnishees answered indebtedness to the defendant, but suggested a third party as claimant. In the claim suit instituted, it appeared that the indebtedness of the garnishees was evidenced by note. made to the defendant, that this note was given for the purchase of lands belonging to the defendant's wife, and by mistake was made payable to him; that immediately upon its delivery to him and before the issuance of the writ of garnisment, the defendant indorsed the note to his wife, who, after the service of the writ of garnishment, transferred and endorsed it to the claimant. *Held:* That the plaintiff in the judgment was not entitled to condemn the amount due from the garnishees on the note to the satisfaction of his judgment.

APPEAL from the Circuit Court of Tallapoosa.

Tried before the Hon. N. D. DENSON.

The appellant, T. R. Jones, recovered a judgment in the circuit court of Tallapoosa county on August 9, 1892, against E. W. Massengale. Upon this judgment a writ of garnishment was sued out, on August 16, 1898, and served upon H. C. Thomas and others. In answer to the writ of garnishment, the garnishees answered that H. C. Thomas had bought from E. W. Massengale, the defendant in judgment, a house and lot, and after paying a part of the purchase money in cash, said Thomas and the other garnishees executed a note to E. W. Massengale for the balance of the purchase money; that the note was executed on August 15, 1898, the date of the purchase, and was payable August 15, 1899. The garnishees suggested that they had been notified that S. J. Nolen claimed an interest in said note. Nolen propounded his claim and the cause was tried upon issue joined upon the interposition of said claim. The judgment recovered by the plaintiff against E. W. Massengale was introduced in evidence. There

was evidence for the claimant showing that on January 3, 1889, W. M. Ross and his wife, conveyed by deed to Mattie P. Massengale, the wife of E. W. Massengale, the property which was sold to Thomas. E. W. Massengale negotiated the sale of this property to Thomas, and that the note executed by Thomas and the other garnishees was made payable to E. W. Massengale; that upon the delivery of this note to E. W. Massengale, and upon his discovering that it was made payable to him, he immediately indorsed it to his wife on August 15, 1898, which was before the issuance and service of the writ of garnishment. On September 7, 1898, said Mattie P. Massengale transferred said note to S. J. Nolen, and indorsed the same to him. E. W. Massengale, as a witness for the claimant, testified that the lands purchased from Ross were' paid for with money belonging to his wife, and that it was for this reason that the deed was made to her.

Upon the introduction of all the evidence, the court at the request of the claimant, gave the general affirmative charge in his behalf, to the giving of which charge the plaintiff duly excepted.

There were verdict and judgment for the claimant. The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the claimant.

SORRELL & SORRELL, for appellants.

H. J. GILLAM, contra, cited *Rowland v. Plumber*, 50 Ala. 182; *Grantham v. Payne*, 77 Ala. 584.

McCLELLAN, C. J.—Plaintiff's debt against E. W. Massengale does not appear to have been in existence on January 3, 1889, when the deed of Ross and wife was executed to Mrs. Massengale. There is, therefore, no presumption that E. W. Massengale, the husband, paid the consideration of that deed, and the burden of proving that to be the fact was on the plaintiff. This burden he failed to discharge; and, on the other hand, the evidence for the claimant went to show affirmatively that the land was paid for by Mrs. Messengale with

[Richards v. Daugherty.]

her own funds. On this state of case the plaintiff was not entitled to condemn the amount due from the garnishees on the note executed by them to Messengale and transferred by the latter to his wife to the satisfaction of his judgment against Messengale, it being shown that this note was for the purchase money of her land, had been executed to Messengale by mistake and assigned by him to her in rectification of the mistake. The court properly gave the affirmative charge for the claimant.

Affirmed.